IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-252-W |
| | ) JURY TRIAL DEMANDED |
| WB SUPPLY, LLC, f/k/a WBS, INC., | ) ATTORNEY LIEN CLAIMED |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Don Webb, and for his causes of action, herein alleges:

## PARTIES

1. Plaintiff Don Webb is an adult male who at all times relevant hereto was a resident of Grady County, Oklahoma.

2. Defendant WB Supply, LLC, f/k/a WBS, Inc. ("WB Supply" as "Defendant") is a limited lability company organized and operating under the laws of the State of Delaware with its principal place of business in Pampa, Texas.

3. Prior to its conversion to WB Supply, LLC on or about January 6, 2016, WBS, Inc. was a Texas corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

4. This is a cause of action arising out of Plaintiff's employment with Defendant based on claims of age discrimination in violation of the Age Discrimination

466634.1

in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Oklahoma Discrimination in Employment Act ("ODEA"), Okla. Stat. tit. 25, § 1350. Plaintiff also brings a cause of action for breach of contract.

5. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims, and jurisdiction over them is vested in this Court pursuant to 28 U.S.C. § 1367(a).

6. All of the claims complained of herein occurred in or around Grady County, Oklahoma. Grady County is located within the Western District of the United States District Court of Oklahoma; therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. Plaintiff has exhausted his administrative remedies. He filed an EEOC Charge of Discrimination on or about February 21, 2017. The EEOC issued a Notice of Right to Sue dated on or about February 21, 2017. Plaintiff has timely filed his Complaint within ninety (90) days from receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

8. Plaintiff (d/o/b 08/03/1960) is an adult male who began his employment with Defendant on or about November 5, 2014, as Vice President and Regional Manager of the Oklahoma division, overseeing six (6) store locations.

9. Among other things, Defendant sells pipe, valves and fittings as well as general oilfield supplies to oil and gas operators in the United States and internationally.

10. Prior to Plaintiff's employment with Defendant, Plaintiff was employed by its predecessor in interest, Beck Oilfield Supply, Inc., and owned a thirty-three percent (33%) interest in the company.

11. Plaintiff had thirty-three (33) years of experience in the industry.

12. The terms and conditions of Plaintiff's employment with Defendant were memorialized in that certain letter agreement (the "Employment Agreement") dated November 4, 2014.

13. Pursuant to the Employment Agreement, Plaintiff's initial term of employment was for a period of five (5) years, commencing on November 5, 2014.

14. Pursuant to the Employment Agreement, Plaintiff was entitled to compensation and certain employee benefits, to-wit: (a) base annual salary of $150,000.00; (b) annual discretionary bonuses; (c) fifteen (15) days of paid vacation per calendar year; (d) group health coverage; (e) a $330,000.00 personal term life insurance policy; (f) unlimited use of a company vehicle; and (g) reimbursement for reasonable out-of-pocket expenses for fuel, oil, maintenance, tires and insurance.

15. Pursuant to the Employment Agreement, neither the President nor the Board of Directors of WB Supply could materially modify Plaintiff's responsibilities without his consent.

16. In 2015, Renae Hotz became the President of WB Supply and became Plaintiff's direct supervisor.

17. In early 2016, Hotz added "purchasing" to Plaintiff's regular job duties of Vice President and Regional Manager. .

18. In or around June 2016, Hotz advised Plaintiff, without prior discussion and without Plaintiff's consent, as required by the Employment Agreement, that he was being reassigned from his position as Vice President and Regional Manager to "procurement" only. Plaintiff advised Hotz that he did not have experience with or qualifications for "procurement", was not comfortable holding the position of "procurement", and reminded her that his experience was in management of the daily operations as required of a Vice President and Regional Manager. Hotz advised Plaintiff that she was reassigning him anyway.

19. Prior to demoting Plaintiff, Hotz gave Plaintiff several performance bonuses in 2016.

20. When Plaintiff was reassigned to "procurement", Hotz promoted Kelly Kesler, who Plaintiff hired as a store manager in 2015, to the Regional Manager position previously held by Plaintiff.

21. Kesler is approximately 36 years old, had only three (3) years of management experience, but only at the store level, and is paid a significantly lower salary than Plaintiff was paid for the same duties which Plaintiff had performed prior to his demotion.

22. On or about August 23, 2016, Plaintiff was terminated without prior notice, ostensibly for "poor performance".

23. Plaintiff was never counseled or advised regarding any aspect of his performance.

24. Pursuant to the Employment Agreement, Defendant was required to provide Plaintiff with at least sixty (60) days' prior written notice, which was not provided.

25. Pursuant to the Employment Agreement, Defendant was entitled to terminate Plaintiff for "cause", as defined in the Employment Agreement; however, "poor performance" was not "cause" as defined in the Employment Agreement.

26. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I

Plaintiff hereby incorporates by reference paragraphs 1–26, *supra*, as if fully set forth herein.

27. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

28. Plaintiff is entitled to relief under the ADEA because, at all times relevant, Plaintiff was over the age of forty (40), was qualified for the position of Vice President and Regional Manager, was demoted and ultimately terminated from his job, and his position was not eliminated.

29. As damages, Plaintiff has suffered lost earnings, past and future (and for the value of benefits associated with such earnings), damages for dignitary harm, other equitable and compensatory damages and attorney's fees as allowed by the ADEA. Plaintiff is also entitled to punitive damages based upon Defendant's willful and

malicious conduct, or, at a minimum, in reckless disregard of Plaintiff's federally protected rights in violation the ADEA.

## COUNT II

Plaintiff hereby incorporates by reference paragraphs 1–29, *supra*, as if fully set forth herein.

30. The matters alleged above constitute violations of the ODEA in the form of age discrimination.

31. Plaintiff is entitled to relief under the ODEA because, at all times relevant, Plaintiff was over the age of forty (40), was qualified for the position of Vice President and Regional Manager, was demoted and ultimately terminated from his job, and his position was not eliminated.

32. As damages, Plaintiff has suffered lost earnings, past and future (and for the value of benefits associated with such earnings), damages for dignitary harm, other equitable and compensatory damages and attorney's fees as allowed by the ODEA. Plaintiff is also entitled to liquidated damages based upon Defendant's willful and malicious conduct, or, at a minimum, in reckless disregard of Plaintiff's federally protected rights in violation the ODEA.

## COUNT III

Plaintiff hereby incorporates by reference paragraphs 1–32, *supra*, as if fully set forth herein.

33. The Employment Agreement is valid contract of employment between the parties for a period of five (5) years.

Case 5:17-cv-00252-W   Document 1   Filed 03/08/17   Page 7 of 8

34. Plaintiff was fully performing his duties pursuant to the terms of the Employment Agreement.

35. Defendant has breached the terms of the Employment Agreement by terminating Plaintiff's employment in contravention of the terms of the Employment Agreement.

36. As a result of Defendant's breach, Plaintiff has suffered damages in the form of lost earnings, past and future, lost benefits, past and future, and other equitable and compensatory damages as allowed by Oklahoma law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Don Webb requests that this Court enter judgment in his favor and against Defendant and assess compensatory damages including, but not limited to, back pay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or as allowed by law.

7

466634.1

Respectfully submitted,

s/ David Pomeroy
David Pomeroy, OBA No. 7209
Anne E. Zachritz, OBA No. 15608
Dylan D. Erwin, OBA 31987
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW
100 North Broadway, Suite 3300
Oklahoma City, Oklahoma  73102
Telephone:  (405) 272-9241
Facsimile:  (405) 235-8786
E-mail: dpomeroy@andrewsdavis.com
E-mail: aezachritz@andrewsdavis.com
E-mail: dderwin@andrewsdavis.com

ATTORNEYS FOR PLAINTIFF